

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 00-172 |
| ROSAIOUS ANTOINE WHITE | SECTION "N" |

### JUDGMENT REVOKING SUPERVISED RELEASE

The defendant, Rosaious White, came and appeared before this Court with counsel on the 15th day of December 2004 for a hearing on the Government's Rule to Revoke Supervised Release and Supplemental Rule to Revoke Supervised Release. On February 7, 2001, the defendant was sentenced by the United States District Court for the Eastern District of Louisiana to twenty-seven (27) months imprisonment, followed by a three-year term of supervised release upon his release from confinement. For the duration of his supervised release, the defendant was ordered to comply with the mandatory and standard general conditions that have been adopted by this Court. In addition, the following special conditions were imposed: (1) the financial disclosure condition; (2) the financial restriction condition; (3) the orientation and life skills condition; (4) the drug abuse treatment and/or testing condition; (5) the search and seizure condition; (6) that the defendant obtain a GED while incarcerated; and (7) the firearm restriction.

DATE OF ENTRY

DEC 1 6 2004

Fee____
Process____
X  Dktd____
____ CtRmDep____
____ Doc. No.____

Mr. White's term of supervised release commenced on June 20, 2002. On July 23, 2003, Mr. White's term of supervised release was revoked and he was committed to the custody of the United States Bureau of Prisons for a term of imprisonment of twelve months with twelve months of supervised release to follow. For the duration of his second term of supervised release, the Court ordered that Mr. White not commit another federal, state, or local crime, that he not possess a firearm, and that he comply with the mandatory and standard general conditions that have been adopted by this Court. In addition, the following special conditions were imposed on his second term of supervised release: (1) that the defendant provide the probation officer with access to any requested financial information; (2) that the defendant not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule; (3) that the defendant participate in the orientation and life skills program as directed by the probation officer; (4) that the defendant participate in a program of testing and/or treatment for drug abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. The defendant was ordered to contribute to the cost of such treatment to the extent that he was deemed capable by the probation officer; (5) that the defendant submit his person, residence, office or vehicle to a search, conducted by a United States Probation officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervised release. Failure to submit to a search may be grounds for a revocation. The defendant was ordered to warn any other residents that the premises may be subject to searches pursuant to this condition; (6) that, within sixty (60) days from release from imprisonment, the defendant commence

appropriate efforts, as directed by the probation officer, to obtain his GED; and (7) that the defendant pay the remaining balance of the special assessment fee, which was $25.

The Court finds that the defendant has violated the terms and conditions of his second term of supervised release by: (1) submitting a urine specimen on June 28, 2004, that tested positive for opiates and taking medication prescribed to another inmate at the Volunteers of America Community Sanction Center; (2) submitting a urine specimen on August 2, 2004, that tested positive for morphine and using that drug on that occasion; (3) submitting a urine specimen on August 5, 2004, that tested positive for codeine and morphine and using these drugs on that occasion; (4) submitting a urine specimen that tested positive for morphine, codeine, and cocaine on October 12, 2004, and using these drugs on this occasion; (5) failing to report for scheduled intensive group meetings at Family Services of Greater New Orleans on July 16, 20, 21, August 4, September 23, 28, 29, 30, and October 1, 8, and 11, 2004; (6) failing to report for unscheduled urinalyses at the Methodist Counseling Center on July 16, 20, 28, 29, August 9, October 8, 15, 19, 21, 22, 27, and November 3, 2004; (7) failing to obtain his GED or to take steps toward obtaining his GED since beginning his second term of supervised release.

Having considered the relevant statutes, case law, the United States Sentencing Guidelines and the Chapter 7 Policy Statements, and because the defendant tested positive for opiates, morphine, codeine, and/or cocaine on the dates previously indicated, and admitted to knowing and voluntary use and possession of those drugs on or about those dates, the Court finds that the defendant unlawfully possessed a controlled substance for purposes of 18 U.S.C. §3583(g). *See United States v. Alvarado*, 201 F.3d 379, 381 n.1 (5th Cir. 2000); *United States v. Courtney*, 979

F.2d 45, 48-50 (5th Cir. 1992); *United States v. Smith*, 978 F.2d 181, 182 (5th Cir. 1992). Thus, the Court finds revocation of the defendant's supervised release and imprisonment to be mandatory.

Under 18 U.S.C. §3583(d), however, the Court is required to consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with the United States Commission Guidelines from the mandatory revocation rule of §3583(g) when considering any action against a defendant who fails a drug test. Having considered these factors, the Court does not find that an exception to the mandatory revocation and imprisonment requirement of 18 U.S.C. §3583(g) is warranted here. During both terms of supervised release, the defendant has been enrolled in inpatient and outpatient drug treatment programs. Despite his participation in these programs, and the second chance at supervised release given to him, the defendant has continued to use drugs, has failed, on a number of occasions, to report for random drug testing, and has failed, on a number of occasions, to report for intensive group meetings at Family Services of Greater New Orleans. Under these circumstances, the Court does not believe that offering participation in yet another substance abuse program, as an alternative to incarceration, is appropriate.

Because the defendant failed to submit to random urinalysis testing on twelve (12) occasions, and has not offered an adequate excuse for this omission, the Court additionally finds that, pursuant to 18 U.S.C. §3583(g)(3), the defendant has refused to comply with drug testing imposed as a condition of his supervised release. Under that statute, this conduct also renders revocation of supervised release and imprisonment mandatory.

Furthermore, even if the Court did not find revocation and imprisonment to be mandatory under section 3583(g), the Court, for similar reasons, finds revocation and imprisonment to be appropriate under the discretionary authorization provided by 18 U.S.C. §3583(e)(3).

Having found revocation and imprisonment to be warranted, the Court must determine the appropriate term of imprisonment. Under the Chapter 7 Policy Statements of the United States Sentencing Commission, the applicable range of prison time depends on the defendant's criminal history category and the grade of the probation violation. According to Policy Statement §7B1.1(b), if there is more than one violation of the conditions of supervision, the grade of the probation violation is determined by the violation having the most serious grade. Here, the probation officer has assessed the defendant's criminal history category to be a "IV" and the supervised release violations to be "Grade C" violations.

Because the Court finds that the defendant has unlawfully possessed one or more controlled substances in violation of the conditions of his supervised release, and because the defendant previously was convicted of a drug offense in Louisiana state court, the Court further finds that, pursuant to 21 U.S.C. §844(a), the defendant's conduct is punishable by a term of imprisonment exceeding one year. *See United States v. Spriggs*, 2003 WL 1795874 (6th Cir.); *United States v. Trotter*, 270 F.3d 1150 (7th Cir. 2001); *United States v. Crace*, 207 F.3d 833 (6th Cir. 2000); *United States v. Griffin*, 201 F.3d 438, 1999 WL 1080107 (4th Cir. 1999); *United States v. Justice*, 2003 WL 21107305 (S.D. W.Va. 2003); *United States v. Wallace*, 90 F. Supp.2d 1196, 1198-1200 (D. Kansas 2000). Accordingly, the defendant's supervised release violations are Grade B violations for purposes of U.S.S.G. Policy Statements §§7B1.1 and 7B1.4. *Id.* Based on the defendant's criminal history category of "IV", the applicable range of imprisonment is 12-18 months.

The Court, however, further notes that, because the defendant's first term of supervised release was revoked and he was ordered to be incarcerated for twelve (12) months, the statutory limit on the defendant's present term of imprisonment is twelve (12) months, and that he is not eligible for a third term of supervised release.

Accordingly, pursuant to the Sentencing Reform Act of 1984, **IT IS THE JUDGMENT** of this Court that the defendant's term of supervised release imposed on July 23, 2003, is revoked, and that the defendant, Rosaious White, is committed to the custody of the Bureau of Prisons for a period of 12 months. The maximum term allowed by statute has been selected because the defendant has not been compliant with the terms of his second term of supervised release and to allow him sufficient time to complete available drug treatment programs. Upon release from imprisonment, the defendant will not be placed on supervised release. The Court recommends to the Bureau of Prisons that, if possible, the defendant be assigned to a facility where he can receive treatment for drug abuse and participate in educational and vocational programs.

**IT IS FURTHER ORDERED** that Rosaious White be remanded to the custody of the United States Marshal.

New Orleans, Louisiana, this 15th day of December 2004.

KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE